# IN THE COURT OF APPEALS OF IOWA

No. 14-0569
Filed October 14, 2015

**EXCEPTIONAL PERSONS, et al.,**
    Petitioners-Appellees,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

The Iowa Department of Human Services appeals the district court's ruling on the petition for judicial review. **AFFIRMED.**

Thomas J. Miller, Attorney General, and Daniel W. Hart, Assistant Attorney General, for appellant.

Patrick B. White of White Law Office, P.C., Des Moines, for appellees.

Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The narrow question presented is whether the Iowa Department of Human Services ("IDHS") erred in setting the "retrospectively limited prospective rates" paid to certain Medical Assistance or Medicare providers for services provided between July 1, 2010, and June 30, 2011, when the rates are required to be established by administrative rule, when IDHS concedes it intended to but failed to adopt any such administrative rule, and when the statute upon which IDHS relies does not specify the rates. The agency concluded it had the authority to effectively lower the prospective rates paid to the providers under the aforementioned circumstances by eliminating a 2.5% inflation adjustment made in setting the prospective rates.

In October 2009, Governor Culver issued Executive Order 19 directing state agencies to make ten-percent-across-the-board budget cuts. Executive Order 19 did not direct IDHS to make any specific cuts. Instead, the agency, in its own words, "explored various means" and "balanced innumerable factors" to make a "difficult policy decision." As part of its solution, in December 2009, IDHS decided to cut by 2.5% the Medicaid rates paid to home and community-based service providers of supported community living services. IDHS adopted Iowa Administrative Code rule 441-79.16, which, among other things, effectively reduced the rates paid to providers of supported community living services under Iowa's Medicaid waiver program by eliminating a 2.5% inflation adjustment to the rate. The rate reduction rule sunsetted at the end of the fiscal year. The rule provided as follows:

> Payment reductions pursuant to executive order. The following payment provisions shall apply to services rendered during the period from December 1, 2009, to June 30, 2010, notwithstanding any contrary provision in this chapter.

. . . .

79.16(10) Notwithstanding any provision of subrule 79.1(2), payment for covered services rendered by home- and community-based waiver service providers shall be reduced by 2.5 percent from the rates in effect November 30, 2009.

a. Rates based on a submitted financial and statistical report shall be consistent with the methodology described in subparagraph 79.1(15)"d"(1) except that the inflation adjustment applied to actual, historical costs and the prior period base cost shall be reduced by 2.5 percent.

b. The retrospective adjustment of prospective rates shall be made based on revenues exceeding 100 percent of adjusted actual costs. Adjusted actual costs shall not exceed the upper limits as specified in subrule 79.1(2).

This rule is intended to implement Executive Order 19 and Iowa Code chapter 249A.

Iowa Admin. Code r. 441-79.16 (2009). The petitioners appealed the rate reduction as well as changes made to the end-of-year settlement procedures. *See Exceptional Persons v. DHS*, No. 13-0866, 2014 WL 4960449 (Iowa Ct. App. Oct. 1, 2014).

In the spring of 2010, the legislature passed H.F. 2526 (2010 Iowa Acts ch. 1192). Section 33(1)(q) provided "Unless otherwise provided in this section, the department shall continue the reduction in payments to medical assistance program providers for the fiscal year beginning July 1, 2010, and ending June 30, 2011, in the percentage amount applicable to the respective provider *as specified under Executive Order 19*." IDHS adopted emergency rules and also initiated regular notice-and-comment rulemaking to amend its administrative rules to continue the fiscal year 2010 rate reductions through fiscal year 2011. As set forth above, the prior fiscal year rate reductions were implemented pursuant to rule 441-79.16(10) as a "notwithstanding" provision. In other words, IDHS left the former rules regarding rates in place but implemented the new rule "notwithstanding" the former rules. The new 2011 rules attempted to implement the same rate reductions by amending the specific rules related

to the calculation and payment of each particular rate being adjusted. While attempting to do this, IDHS inadvertently omitted the provision eliminating the 2.5% inflation adjustment applied when determining the prospective rates for fiscal year 2011. Despite the absence of any rule authorizing the rate reduction, IDHS continued to apply the rate reduction for fiscal year 2011. The providers challenged the prospective rate paid for fiscal year 2011. The agency affirmed the rate. The district court concluded the agency was without authority to continue the rate reduction and remanded for recalculation of the prospective rates.

Judicial review of agency decisions is governed by the Iowa Administrative Procedure Act ("IAPA"), Iowa Code chapter 17A. *See Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013). We "apply the standards of section 17A.19(10) to determine whether we reach the same results as the district court." *See Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255-56 (Iowa 2012). "The district court may grant relief if the agency action has prejudiced the substantial rights of the petitioner, and the agency action meets one of the enumerated criteria contained in section 17A.19(10)(a) through (n)." *Evercom Sys., Inc. v. Iowa Utils. Bd.*, 805 N.W.2d 758, 762 (Iowa 2011) (citations omitted). If we reach the same results as the district court, we affirm; otherwise, we reverse.

We can add little to the thorough opinion of the district court. IDHS "concedes that it was under a legal mandate to adopt administrative rules with regard to Medicaid reimbursement rates, including the prospective rates to be paid to Petitioners." *See* Iowa Code § 249A.4 (providing the director of IDHS "*shall*, in accordance with the standards and priorities established by this chapter, by applicable federal law, by the

regulations and directives issued pursuant to federal law, by applicable court orders, and by the state plan approved in accordance with federal law, make rules, establish policies, and prescribe procedures to implement this chapter" (emphasis added)); Iowa Code § 249A.4(9) (providing the director *shall* . . . make rules" and "is hereby specifically empowered and directed to:" [a]dopt rules pursuant to chapter 17A in determining the method and level of reimbursement for all medical and health services to be provided under the medical assistance program" (emphasis added)). IDHS concedes it failed to adopt the required administrative rule eliminating the 2.5% inflation adjustment. IDHS argued in its brief that H.F. 2526 is a statutory directive directly implementing the rate reduction even in the absence of any rule. During oral argument, however, IDHS conceded that H.F. 2526 only directed the department to continue the rate cuts "as specified under Executive Order 19" and that Executive Order 19 fails to actually specify any rate reduction. Thus, contrary to IDHS's contention, this is not a case where the administrative rule would only reiterate the inevitable statutory consequence. In this case, the legislature directed the agency to make the required budget cuts, but the agency simply failed to take the legal action necessary to follow the directive. *See* Iowa Code §§ 17A.2 ("This chapter is intended to provide a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public."); 17A.4(5) ("A rule is not valid unless adopted in substantial compliance with the requirements of this section that are in effect at the time of adoption of the rule.").

Further, IDHS fails to recognize a critically-important fact. The rate reduction for fiscal year 2010 was implemented by a "notwithstanding" rule contrary to the rate set

forth in other administrative rules. *See* Iowa Admin. Code r. 441-79.16(10) (2009) ("The following payment provisions shall apply to services rendered during the period from December 1, 2009, to June 30, 2010, notwithstanding any contrary provision in this chapter."). When that provision sunsetted, the prior rule remained in place. *See* Iowa Admin. Code r. 441-79.1 (2010). Thus, contrary to IDHS's assertion, the agency was not imposing a rate reduction on a blank slate with no rule to the contrary; there was a rule to the contrary. IDHS simply failed to amend it.

We conclude IDHS was thus without authority to impose the rate reduction for the fiscal year 2011 by eliminating the inflation adjustment applied to prospective rates. The district court was correct in holding IDHS was not entitled to summary judgment and in remanding this proceeding for recalculation of the rates and entry of summary judgment for the providers. We have considered each of the party's arguments, whether or not set forth in full herein, and we affirm the judgment of the district court without further opinion.

**AFFIRMED.**